mec/2004R00099

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Honorable Jose L. Linares |
|---|---|
| *Plaintiff,* v. FREDERICK UGWU *Defendant.* | Criminal No. 08-561 PRELIMINARY ORDER OF FORFEITURE |

WHEREAS, on or about May 26, 2009, the United States obtained a Superseding Indictment in this case against Frederick Ugwu ("Defendant") charging him with conspiracies to commit wire fraud, in violation of 18 U.S.C. § 1349, and to commit money laundering, in violation of 18 U.S.C. § 1956(h), and with wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343 and 1957;

WHEREAS, on December 17, 2009, Defendant was convicted after a jury trial of all counts with which he was charged in the Superseding Indictment;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of offenses in violation of 18 U.S.C. §§ 1343 and 1349 shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense;

WHEREAS, pursuant to 18 U.S.C. § 982, a person convicted of offenses in violation of 18 U.S.C. §§ 1956(h) and 1957 shall forfeit to the United States any property, real or personal, that was involved in the offense or is traceable to such property;

WHEREAS, by virtue of the above, the United States is now entitled to all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property, real and personal, that was involved in the offenses or is traceable to such property, including:

(a) approximately $1,753,212.06 in proceeds that Defendant or entities controlled by him received from his offenses;

(b) the contents of JP Morgan Chase account number 58050002765, held in the name of UG Properties, Inc., which bank account received proceeds of Defendant's offenses;

(c) the contents of JP Morgan Chase account number 579500468665, held in the name of 253 East 33rd Street, LLC, which bank account received proceeds of Defendant's offenses; and

(d) the contents of the contents of JP Morgan Chase account number 6047211364, held in the name of Defendant, which bank account received proceeds of Defendant's offenses (paragraphs (a)-(d) collectively describing the "Property");

WHEREAS this Court finds that, based upon the evidence adduced at trial, the Property was involved in offenses in violation of 18 U.S.C. §§ 1956(h) and 1957 that includes proceeds obtained as a result of his offenses or is derived from proceeds traceable to the commission of his wire fraud offenses in violation of 18 U.S.C. §§ 1343 and 1349, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c);

WHEREAS the Court finds that, as required under Federal Rules of Criminal Procedure 32.2 and 43(a), Defendant received the requisite notice of forfeiture in the Superseding Indictment, the announcement of the forfeiture in his presence at sentencing, and the forfeiture will be incorporated in the Judgment; and for good and sufficient cause shown;

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT the Property, namely:

(a) approximately $1,753,212.06 in proceeds that Defendant or entities controlled by him received from his offenses;

(b) the contents of JP Morgan Chase account number 58050002765, held in the name of UG Properties, Inc., which bank account received proceeds of Defendant's offenses;

(c) the contents of JP Morgan Chase account number 579500468665, held in the name of 253 East 33rd Street, LLC, which bank account received proceeds of Defendant's offenses; and

(d) the contents of the contents of JP Morgan Chase account number 6047211364, held in the name of Defendant, which bank account received proceeds of Defendant's offenses

are hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982, for disposition in accordance with the provisions of 21 U.S.C. § 853;

THAT, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as

the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days;

THAT pursuant to 21 U.S.C. § 853(n)(2), any person, other than Defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

THAT, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought;

THAT the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified;

THAT, the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States;

THAT, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any

other property of Defendant up to the value of the Property described above, if the Property or any portion thereof, as a result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

THAT, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this __22nd__ day of __March__, 2011.

_____
Honorable Jose L. Linares
United States District Judge