mec/2004R00099

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FREDERICK UGWU<br><br>*Defendant.* | Honorable Jose L. Linares<br><br>Criminal No. 08-561<br><br>ORDER REGARDING ESCROWED FUNDS |

WHEREAS, on or about May 26, 2009, the United States obtained a Superseding Indictment in this case against Frederick Ugwu ("Defendant") charging him with conspiracies to commit wire fraud, in violation of 18 U.S.C. § 1349, and to commit money laundering, in violation of 18 U.S.C. § 1956(h), and with wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343 and 1957;

WHEREAS, on December 17, 2009, Defendant was convicted after a jury trial of all counts with which he was charged in the Superseding Indictment;

WHEREAS, immediately following the jury's verdict but before the jury was dismissed, Defendant waived his right to have the jury determine whether and to what extent his assets were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c);

WHEREAS, following his conviction, Defendant agreed to hold in escrow the proceeds from the sales of his real estate assets because they were potentially subject to forfeiture;

WHEREAS, on March 1, 2010 (Docket Entry 146) and April 9, 2010 (Docket Entry 149), this Court entered orders on consent of the parties that the proceeds of

the sales of specific properties identified in those orders be held in escrow by Richard Turano, Esq., as closing attorney (the "Escrow Agent"), pending further order of this Court;

WHEREAS, on September 16, 2010 (Docket Entry 151), this Court entered an order on consent of the parties directing the Escrow Agent to release to Defendant's trial counsel, Krovatin Klingeman LLC the amount of $32,029.22 for payment of attorneys' fees and costs owed by Defendant to trial counsel;

WHEREAS, under this Court's September 16th Order, the remaining funds then held in escrow by the Escrow Agent and any funds obtained by the Escrow Agent from further property sales by Defendant were to be held in escrow and not disbursed pending further order of the Court;

WHEREAS, on September 20, 2010 (Docket Entries 152-154), Defendant moved for entry of an order directing the Escrow Agent to pay $100,000 from the escrowed funds to Walder, Hayden & Brogan, P.A., as a retainer for Walder Hayden to serve as appellate counsel; Defendant's motion also requested that the Escrow Agent release funds to pay for transcripts of the pretrial proceedings, the trial and the sentencing;

WHEREAS, on October 18, 2010, the United States opposed Defendant's September 20th motion (Docket Entry 155), because the escrowed funds were subject to forfeiture and would be necessary to satisfy Defendant's restitution obligations, but also represented that the escrowed funds would remain in escrow once forfeited pending resolution of Defendant's direct appeal and would be returned to him if he obtained an acquittal on all charges against him;

WHEREAS, on March 22, 2011, this Court conducted a sentencing hearing, during which it found that Defendant should forfeit approximately $1,753,212.06 in proceeds that Defendant or entities controlled by him received from his offenses, together with the contents of three specific bank accounts controlled by Defendant that received proceeds of his offenses, while reserving decision on Defendant's application for release of funds to retain appellate counsel and pay for transcripts;

WHEREAS, on March 30, 2011, this Court entered a Preliminary Order of Forfeiture (Docket Entry 163), in which the Court ordered that Defendant forfeit approximately $1,753,212.06 in proceeds that he or entities controlled by him received from his offenses, together with the contents of three specific bank accounts controlled by Defendant that received proceeds of his offenses;

WHEREAS, at an April 1, 2011 status conference attended by Defendant, his trial counsel and a Walder Hayden representative, Walder Hayden represented that it had elected not to represent Defendant in his appeal because of a potential conflict of interest between Defendant and two former clients of Walder Hayden, U.S. Mortgage Corp. and Susan McGrath; and

WHEREAS, at the April 1st status conference, the United States continued to oppose Defendant's application to release escrowed funds to retain appellate counsel and pay for transcripts, but assured the Court that those funds would remain in escrow once forfeited and be returned to Defendant should he prevail on his appeal and obtain an acquittal on all charges against him;

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT Defendant's application for the release of escrowed funds to retain appellate counsel and pay for transcripts be and hereby is DENIED;

THAT once forfeited, the escrowed funds remain in escrow either with the Escrow Agent or the Clerk of the Court pending the resolution of Defendant's direct appeal; and

THAT those escrowed funds be returned to Defendant if as a result of his direct appeal he obtains an acquittal on all charges against him.

ORDERED this 4th day of April, 2011.

Honorable Jose L. Linares
United States District Judge